**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IVERY JOHNSON, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>   Defendants. | Case No. 2:24-CV-02227-CMR |
| MICHELLE PETTIFORD, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CENCORA, INC., THE LASH GROUP, LLC, BRISTOL-MYERS SQUIBB COMPANY, and BRISTOL-MYERS SQUIBB PATIENT ASSISTANCE FOUNDATION, INC.,<br><br>   Defendants. | Case No. 2:24-CV-02228-KBH |
| BETTY STONEBURNER, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>   Defendants. | Case No. 2:24-CV-02236-TJS |

| | |
|---|---|
| KEITH WOLFORD, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>    Defendants. | Case No. 2:24-CV-02256-CMR |
| DARLEEN LEWIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>    Defendants. | Case No. 2:24-CV-02258-CMR |
| PEYTON MCQUILLEN and CYNTHIA STOW, on behalf of themselves and all others similar situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENCORA, INC. f/k/a AMERISOURCE-BERGEN CORPORATION, a Pennsylvania corporation, and THE LASH GROUP, LLC a Delaware Corporation,<br><br>    Defendants. | Case No. 2:24-CV-02271-GJP |

| | |
|---|---|
| KEVIN JAMES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>    Defendants. | Case No. 2:24-CV-02304-CMR |
| LAURIE GERBER, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>    Defendants. | Case No. 2:24-CV-02303-CMR |
| LATARSHA BRADFORD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>    Defendants. | Case No. 2:24-CV-02344-CMR |

| CLARENCE JOHNSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>      Defendants. | Case No. 2:24-CV-02372 |
|---|---|
| JAMES SOWARD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CENCORA, INC. and THE LASH GROUP, LLC,<br><br>      Defendants. | Case No. 2:24-CV-02375 |

## INTERESTED PARTY RESPONSE TO MOTION
## TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

Plaintiff Clarence Johnson ("Plaintiff"), by and through his undersigned counsel, hereby responds to Plaintiffs Ivery Johnson, Betty Stoneburner, and Michelle Pettiford's Motion to Consolidate Cases and Appoint Interim Co-Lead Counsel (ECF No. 3) filed in the action captioned *Ivery Johnson v. Cencora, Inc., et al.*, Case No. 2:24-cv-02227-CMR (E.D. Pa.), and in support thereof states as follows:

1.      On or about May 22, 2024, Defendants Cencora, Inc. and The Lash Group, LLC ("Defendants") began to issue Notice of Data Breach Letters informing impacted individuals that their personally identifying information ("PII") and protected health information ("PHI") had been compromised when unauthorized actors gained access to Cencora's information systems.

1

2.      Between May 24, 2024 and June 2, 2024 eleven (11) putative class action lawsuits have been filed against Defendants in the United States District Court for the Eastern District of Pennsylvania (collectively, the "Related Actions"):

      a.      *Johnson v. Cencora, Inc. et al.*, Case No. 2:24-cv-02227 (E.D. Pa.) (filed 5/24/2024);

      b.      *Pettiford v. Cencora, Inc. et al.*, Case No. 2:24-cv-02228 (E.D. Pa.) (filed 5/24/2024);

      c.      *Stoneburner v. Cencora, Inc. et al.*, Case No.  2:24-cv-02236 (E.D. Pa.) (filed 5/26/2024);

      d.      *Wolford v. Cencora, Inc., et al.*, Case No. 2:24-cv-02256 (E.D. Pa.) (filed 5/28/2024);

      e.      *Lewis v. Cencora, Inc., et al.*, Case No. 2:24-cv-02258 (E.D. Pa.) (filed 5/28/2024);

      f.      *McQuillen et al. v. Cencora, Inc., et al.*, Case No. 2:24-cv-02271 (E.D. Pa.) (filed 5/29/2024);

      g.      *James v. Cencora, Inc., et al.*, Case No. 2:24-cv-02304 (E.D. Pa.) (filed 5/30/2024);

      h.      *Gerber v. Cencora, Inc., et al.*, Case No. 2:24-cv-02303 (E.D. Pa.) (filed 5/30/2024);

      i.      *Bradford v Cencora, Inc., et al.*, Case No. 2:24-cv-02344 (E.D. Pa.) (filed 5/31/2024);

      j.      *Johnson v. Cencora. Inc., et al.*, Case No. 2:24-cv-02372 (E.D. Pa.) (filed 5/31/2024); and

k.      *Soward v. Cencora, Inc., et al.*, Case No. 2:24-cv-02375 (E.D. Pa.) (filed 6/2/2024).

3.      The Related Actions each assert the same and/or similar causes of action on behalf of putative nationwide classes against Defendants for Defendants' failure to protect individuals' sensitive PII and PHI.

4.      On May 29, 2024, within days of filing their complaints, Plaintiffs Ivery Johnson, Betty Stoneburner, and Michelle Pettiford ("Moving Plaintiffs") moved to consolidate the then filed actions pursuant to Fed. R. Civ. P. 42(a) and appoint their attorneys as Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g).

5.      Plaintiff agrees that the Related Actions should be consolidated. Courts routinely find that data breach class actions such as these are particularly appropriate for consolidation, due to the significant overlap in factual and legal issues. *See, e.g.*, *See, e.g.*, *Meyers v. Onix Grp., LLC*, No. CV 23-2288-KSM, 2023 WL 4630674, at *1 (E.D. Pa. July 19, 2023) (consolidating data breach cases where they "involve a common question of law or fact"); *Marcaurel v. USA Waste-Mgmt. Res., LLC*, No. 21-CV-6199, 2021 WL 4940977, at *2 (S.D.N.Y. Sept. 3, 2021) (finding that consolidation was "plainly warranted," as the actions to be consolidated arose "from the same event" and sought relief on largely the same legal theories); *McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (emphasizing that absent consolidation, the cases at issue would "likely present largely duplicative requests for class certification" and raise overlapping legal issues regarding the propriety of certifying the class as well as "the proper definition of any such class.").

6.      However, Plaintiff opposes the Moving Plaintiffs' request for the appointment of their counsel as Interim Class Counsel. Plaintiff instead requests that the Court issue an order

prescribing a more logical and appropriately sequenced application process for the appointment of Interim Class Counsel, one that will give each plaintiffs' counsel an opportunity to submit their qualifications for this Court's consideration. Plaintiff respectfully suggests that such a process is consistent with the both the Manual for Complex Litigation (Fourth) § 21.11 and the Duke Law School's Guidelines and Best Practices for Large and MassTort MDLs,[1] and will help the Court appoint the applicant or applicants best able to represent the interests of the putative. *See* Fed. R. Civ. P. 23(g)(2) ("If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.").

7.     An application process for the appointment of Interim Class Counsel is necessary because there are eleven overlapping putative class actions filed in this Court and the designation of Interim Class Counsel will clarify the "responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11.

WHEREFORE, Plaintiff respectfully requests that the Court enter the attached proposed Order consolidating the Related Actions and setting a deadline for plaintiffs' counsel to submit applications for Interim Class Counsel.

---

[1] Bolch Judicial Institute, Duke Law School, Guidelines and Best Practices for Large and MassTort MDLs, at 45 (2d ed., Sept. 2018) ("Duke Guidelines"), available at https://scholarship. law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.

Dated: June 3, 2024

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch
Patrick D. Donathen
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com
patrick@lcllp.com

*Counsel for Plaintiff Clarence Johnson*,
*Case No. 2:24-cv-02372 (E.D. Pa.)*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on June 3, 2024, a true and correct copy of the foregoing was served upon all counsel of record via the Court's electronic filing system.

*/s/ Gary F. Lynch*
Gary F. Lynch
